Corliss *v.* McLagin.

HIRAM CORLISS *versus* JOHN McLAGIN *& al.*

If a mortgagor of a mill, after making the mortgage, put into it a shingle machine and apparatus attached to it, it becomes a part of the freehold and passes to the mortgagee after foreclosure.

TROVER to recover for a shingle machine, tub-wheel, shafts and gearing appertaining thereto.    Trial before SHEPLEY J. The plaintiff, Corliss, Aug. 25, 1835, mortgaged a mill and privilege in Carmel, to William Moulton, which mortgage was foreclosed March 17, 1840.    Pending the mortgage, the plaintiff enlarged the mill, and put in the shingle machine and apparatus sued for.    McLagin, one of the defendants, for several years rented the shingle machine and gearing of the plantiff.    But on Nov. 15, 1843, Moulton conveyed by deed to John Dore, one of the defendants, the mill and appurtenances, including the machinery sued for.    Dore and McLagin subsequently occupied the mill and machinery.    The Court ruled that the tes-

timony was not sufficient to sustain the action, and the plaintiff consented to a nonsuit, to be taken off if the ruling was incorrect.

*Dinsmore* and *Knowles,* for the plaintiff.

*Kelley* and *McCrillis,* for the defendants.

WELLS J. — After the plaintiff had mortgaged the mill, he made an addition to it, and placed the shingle machine, tub-wheel, shafts and gearing in it, and the machine was used by himself and others.

Between landlord and tenant, many things are regarded as personal, which would be considered a part of the realty in an absolute conveyance or a mortgage.

The mortgagor generally looks to the redemption of the property, and what he adds to it, of a permanent character, is for his own benefit ; for it is but collateral to the debt. The case is different with a tenant who cannot be considered as intending to incorporate the fixtures, which he erects, with the freehold.

Whether a thing is a fixture does not always depend upon the manner in which it is attached to the freehold. Its character is often indicated by the uses and purposes, to which it is devoted. Doors and blinds which may be easily removed from the buildings, with which they are connected, are nevertheless a part of them. They are component and necessary parts of them, and are intended to be used as such.

On this principle it was held, that by the conveyance of a saw mill, with the appurtenances, the mill chain, dogs and bars would pass. *Farrar* v. *Stackpole,* 6 Greenl. 154.

A moveable water wheel and its gearing were considered fixtures, having been erected by the owner for the permanent enjoyment of the inheritance. *Powell* v. *M. & B. Manufacturing Co.* 3 Mason, 467 — 8.

In the case of *Winslow & al.* v. *The Merchant's Insurance Co.,* 4 Metc. 306, the rights of a mortgagor, who has erected fixtures, after the mortgage was made, are very fully considered. In the latter case, it is said, in relation to the opinion

given in the case of *Union Bank* v. *Emerson*, 15 Mass. R. 159, as to the right of the mortgagor, to remove the kettle, if it had been put in by him, after the mortgage was made, " that no such point was decided by the Court, nor was it necessary, upon the facts of that case."

In *Gale* v. *Ward*, 14 Mass. R. 352, the Court considered the carding machines, as personal property and as not passing to the mortgagee.

In the case of *Taylor* v. *Townsend*, 8 Mass. R. 411, the erections were made by the mortgagee, while in possession. He did not make them with the expectation, that they would be held by the mortgagor. His estate being defeasible, he had the same control over fixtures made by himself, as a tenant would have.

We consider the shingle machine, and apparatus attached to it, as a part of the freehold, and having been incorporated with it by the mortgagor, it goes to the mortgagee. *Smith* v. *Goodwin*, 2 Greenl. 173 ; *Butler* v. *Page*, 7 Metc. 40.

The mortgagor may always save himself from loss, however expensive his erections may be, by paying his debt and redeeming the premises. The mortgagee entered to foreclose on the 17th of March, 1840, and conveyed to the defendant, Dore, Nov. 15, 1843. Dore having the title of the mortgagee, was under no obligations to restore the property, upon the demand, which was made, and McLagin, acting with Dore, is protected by his title, and neither of them can be considered as wrongdoers.

*The nonsuit which was entered must stand.*