The Kendall Mfg. Co. vs. Rundle and others.

| | |
|---|---|
| 78 | 150 |
| 78 | 277 |
| 79 | 612 |
| 78 | 150 |
| 96 | 212 |
| 78 | 150 |
| 104 | 190 |
| 78 | 150 |
| f110 | 89 |
| 110 | 90 |
| 53 LRA | 608 |

THE KENDALL MANUFACTURING COMPANY, Respondent, vs. RUNDLE and others, imp., Appellants.

*November 7 — November 25, 1890.*

**Mechanic's lien: Leasehold estate: Termination of lease by re-entry for condition broken: Chattel mortgage: Priority.**

The plaintiff furnished materials and performed work for one C. in fitting up a building leased by him for a Turkish bath establishment; and shortly thereafter the defendants furnished the heating apparatus and did the plumbing work. The plaintiff duly filed its claim for a lien. The defendants filed no such claim, but took a chattel mortgage of the apparatus and fixtures furnished by them. C. having absconded, the defendants took possession of the bath establishment, but after operating it for a short time at a loss they abandoned it and removed the apparatus and fixtures which they had furnished as aforesaid, thereby rendering the bath establishment valueless as such. Thereafter the lessor of the building re-entered for breach of the conditions of the lease. In an action to enforce the plaintiff's lien, it is *held* that such lien was paramount to the defendants' chattel mortgage, and that the plaintiff was entitled to recover from the defendants the value of the apparatus and fixtures so removed by them.

APPEAL from the Circuit Court for *Brown* County.

Action to enforce a mechanic's lien upon the interest of the defendant Cooper in certain premises, and to have the defendants *Rundle, Spence & Co.* adjudged to return to such premises certain fixtures removed by them or pay the value thereof into court subject to any judgment that might be rendered. The following statement of the case was prepared by Mr. Justice CASSODAY:

The facts are undisputed and to the effect that December 26, 1883, one Cooper leased from Mary Wirthman the premises described for the term of seven years from February 1, 1884, together with the buildings thereon situated, at an annual rental of $400, payable in monthly instalments on the 1st day of each month, the first payment to be made

March 1, 1884, said premises to be arranged and used by said Cooper for Turkish and other baths. By the terms of the lease said Cooper was not to under-lease said premises without the consent of the lessor, and if he failed to pay the rent as aforesaid, or under-leased the premises or assigned the lease without the consent of the lessor, or made any default in any of the conditions or covenants of the lease, then it was therein made lawful for the lessor, her heirs or assigns, to re-enter and repossess and enjoy said premises.

Upon the making of the lease, Cooper entered into possession of the said premises and proceeded to make changes, alterations, and repairs therein and about the same, suitable for such Turkish bath establishment. Between January 1, 1884, and February 25, 1884, at the request of said Cooper, the plaintiff sold and delivered material and rendered and performed work, labor, and services in and about the fitting of the interior of said building for the purposes aforesaid, which said material and work and labor were reasonably worth, and for which said Cooper promised and agreed to pay, $469.23, and the same were sold and performed and were in fact used for the purposes aforesaid. During said time, or immediately thereafter, the defendants *Rundle, Spence & Co.* were employed by said Cooper to furnish and did furnish the plumber's work and materials necessary for said Turkish bath establishment, consisting of a steam-boiler, gas-pipes, hot and cold water pipes, water-closet, with its necessary water and waste pipes, steam-heating pipes, radiators, and apparatus, and other necessary and convenient plumber's work for said baths, and all were fitted and placed in said building for the purposes intended, and permanently annexed to said building, and became and were a necessary and essential part of said Turkish bath establishment, and without which the same could not have been operated or used for that purpose. No part of said

boiler and plumber's work could have been removed without destroying the usefulness of said building for the purposes aforesaid and rendering the repairs, improvements, and alterations placed therein by the plaintiff wholly valueless. Upon the completion of said plumber's work said *Rundle, Spence & Co.* took the notes of said Cooper for the amount thereof, and upon the maturity and nonpayment thereof on March 3, 1884, took a chattel mortgage from said Cooper to themselves upon said boiler and fixtures for the amount due them therefor.

Said Cooper operated said Turkish bath establishment to May 2, 1884, and then absconded. On May 5, 1884, *Rundle, Spence & Co.* entered into possession of said Turkish bath establishment and continued to operate the same for the preservation thereof until July 1, 1884, and during that time expended $143.09 in such operation, including two months' rent of the premises, and received in cash for baths $23.75, leaving them out of pocket $119.34. On July 1, 1884, *Rundle, Spence & Co.* tore out and removed from said building and premises the material put in by them as aforesaid, without the plaintiff's consent, and removed the same to Milwaukee, and converted the same to their own use.

The plaintiff duly filed its claim for a lien upon Cooper's interests in said premises in the form, within the time, and in the manner, required by law, and commenced this action within the time prescribed by law. The amount due the plaintiff for its entire claim is $469.23, with interest from February 25, 1884, no part of which has been paid.

*Rundle, Spence & Co.* did not file any claim for a lien, but claimed the right to remove said boiler and fittings under and by virtue of said chattel mortgage. The market value of said materials taken from said building by *Rundle, Spence & Co.* was $382.19 at the time of such taking. Deducting therefrom the $119.34 mentioned left a balance due

them of $262.85, and interest from that time. Such re-
moval by *Rundle, Spence & Co.* rendered said Turkish bath
establishment wholly valueless.

After said removal, and on July 3, 1884, the rent being
due and unpaid, and Cooper having abandoned the prem-
ises, the said lessor, without notice or legal proceedings, or
the knowledge of the plaintiff or said Cooper, re-entered
upon said building and premises and took and retained pos-
session thereof. No rent has been paid or tendered thereon
by said Cooper since he so absconded, or by any other per-
son, except the two payments by *Rundle, Spence & Co.*
mentioned.

The facts thus stated were found by the court, and from
said facts the court found, as conclusions of law, that the
plaintiff was and is entitled to a lien upon said Cooper's in-
terest in said building and premises, and upon all the im-
provements, repairs, and alterations placed therein by said
Cooper, including all the materials removed by said *Rundle,
Spence & Co.*, as provided by law, and that it has taken all
the necessary steps to preserve and perfect the same, and
is entitled to judgment therefor for said $469.23, and all
the costs of this action; that *Rundle, Spence & Co.* lost all
right to a mechanic's lien upon the property in question
by not filing their claim as prescribed by law, and that said
chattel mortgage was subsequent and subordinate to the
plaintiff's said lien; that *Rundle, Spence & Co.* had no right
to remove said materials as against the plaintiff's lien, and
are therefore liable to the plaintiff for the market value
thereof at the time of said taking, after deducting their said
expenses while in possession; that the plaintiff is entitled to
judgment against *Rundle, Spence & Co.* for $262.85 princi-
pal, with interest from the time of such taking. From the
judgment entered upon said findings the defendants *Run-
dle, Spence & Co.* appeal.

For the appellants there was a brief by *Vroman & Sale*,

and oral argument by *Chas. E. Vroman.* They contended, *inter alia,* that the plaintiff acquired a lien only upon the interest of Cooper in the premises under the lease, and such lien and the plaintiff's rights were therefore subject to all the conditions of the lease and the rights of the lessor. R. S. sec. 3314; *Jessup v. Stone,* 13 Wis. 467; *Oswold v. Buckholtz,* 13 Iowa, 506; *Dutro v. Wilson,* 4 Ohio St. 101; *McCarty v. Carter,* 49 Ill. 53; *Francis v. Sayles,* 101 Mass. 435; *Mills v. Matthews,* 7 Md. 315. The abandonment of the premises, the absconding of the tenant, and failure to pay rent as stipulated, worked a breach of the conditions of the lease which entitled the lessor to declare a forfeiture, re-enter and repossess the premises, and terminate the lease. Taylor, Landl. & T. 488. This the lessor did on July 3, 1884, and for more than five years before the rendition of the judgment remained in the quiet possession and enjoyment of the premises. That he might thus re-enter without the aid of judicial proceedings, if he could do so peaceably and without force, is well settled. Taylor, Landl. & T. 714–716; *Page v. Du Puy,* 40 Ill. 510; *Reeder v. Purdy,* 41 id. 285; *Talbot v. Whipple,* 14 Allen, 180; *Taylor v. Cole,* 3 T. R. 292; *Taunton v. Costar,* 7 id. 431. When Cooper's interest thus ceased, the plaintiff's lien thereon necessarily and logically ceased to exist, also. That the debtor must have an interest in the premises in order to support the lien, see *Paige v. Peters,* 70 Wis. 178; *Shaw v. Allen,* 24 id. 563; *Willer v. Bergenthal,* 50 id. 474; *Rees v. Ludington,* 13 id. 277; *Jessup v. Stone,* id. 466.

The judgment was rendered on the theory that the plaintiff had a lien on the plumbing material, etc., taken from the bath establishment by the defendants, and that such taking was wrongful as against the plaintiff's lien rights. But the lien was an entirety, and when it was extinguished as to Cooper's interest in the premises, by reason of the forfeiture and disappearance of that interest, it was extinguished also

as to the fixtures in question. Phillips, Mech. Liens, secs. 193, 247; *Dutro v. Wilson,* 4 Ohio St. 101; *Thaxter v. Williams,* 14 Pick. 49; *Cornell v. Barney,* 26 Hun, 134; *S. C.* 94 N. Y. 394; *Gaskill v. Davis,* 61 Ga. 644; *Bridewell v. Clark,* 39 Mo. 170; *Callaway v. Freeman,* 29 Ga. 408; *Campbell & Pharo's Appeal,* 36 Pa. St. 257; *Proctor v. Tows,* 115 Ill. 148; *Gardner v. Watson,* 18 Ill. App. 395; *Scales v. Griffin,* 2 Doug. (Mich.), 67. The plaintiff had it in its power to prevent the termination of the lease and the loss of its lien, by paying the rent and otherwise performing the conditions of the lease. This it has not done or attempted to do. It can make no difference that the fixtures were taken from the building before the lessor re-entered and terminated the lease. Whether they were in or out of the building, the lien — entire, indivisible — would terminate on both alike, and the fixtures revert to the lessor. *Josslyn v. McCabe,* 46 Wis. 591; *Wagar v. Briscoe,* 38 Mich. 595.

The judgment against the appellants is erroneous because not in conformity with the statute in such cases. The statute on liens provides for a judgment against the *debtor* and that his interest in the premises be sold, etc. There is no such judgment here.

For the respondent there was a brief by *John C. & A. C. Neville,* and oral argument by *A. C. Neville.* They argued, among other things, that the plaintiff's lien attached to whatever title Cooper had in the premises at the time of the commencement of the work, and could not thereafter be affected, displaced, or disturbed by any act of Cooper or his creditors or those claiming under him subsequent to such commencement of the work. R. S. sec. 3314; *Jessup v. Stone,* 13 Wis. 466; *Chapman v. Wadleigh,* 33 id. 267; Phillips, Mech. Liens (2d ed.), sec. 225. By the removal of the boilers, heating apparatus, etc., by the defendants the leasehold interest was rendered valueless before any forfeiture of the lease had taken place. The plaintiff

did not, therefore, pay any further rent or take any steps to preserve the leasehold interest. There is then, in reality no question of forfeiture in the case, affecting the plaintiff's rights. There could be no surrender or forfeiture resulting in any way from the act or omission of Cooper which would divest plaintiff's lien upon the leasehold estate. The judgment is proper. The defendants removed these fixtures and sold and converted them into money, in violation of plaintiff's prior right. In such case "the relief should be to award the money realized from the sale." Phillips, Mech. Liens (2d ed.), sec. 198; Id. secs. 12, 490; Tyler, Fixtures (1st ed.), 745–6.

CASSODAY, J. The plaintiff's claim for materials furnished and services rendered by it attached to and became a lien upon Cooper's interest in the premises as soon as such materials were placed in and became affixed to the building, and the services thereon rendered, which was on and before February 25, 1884. Sec. 3314, S. & B. Ann. Stats. The plaintiff took all the steps prescribed by the statutes for the continuance of that lien. *Rundle, Spence & Co.* also acquired a lien for the boiler and materials furnished by them and their services in placing the same in and upon the premises during the same period. It appears, however, that they did not rely upon such lien as security, for they at first took Cooper's notes therefor, and, upon their maturity and nonpayment, March 3, 1884, took a chattel mortgage for the amount then due from Cooper to themselves upon the boiler and fixtures which they had so furnished. May 2, 1884, Cooper absconded and left the premises in charge of no one. May 5, 1884, *Rundle, Spence & Co.* went into possession, and ran the establishment until July 1, 1884, when they removed the boiler and fixtures so furnished by them, and claimed the legal right to do so under their chattel mortgage. July 3, 1884, the plaintiff filed its peti-

tion for a lien upon Cooper's interest in the premises, and on the same day the lessor re-entered for broken conditions in the lease.

We were at first strongly impressed with an equity in favor of *Rundle, Spence & Co.* to reclaim and retake the boiler and fixtures they had put into the premises, and for which they had never received any pay. But after very carefully considering the legal rights of the respective parties, we are unable to perceive any rule of law under which such removal of the boiler and fixtures from the premises by them can be justified. It is true the statute declares, in effect, that any person ordering or contracting for any machinery to be placed or connected to or with any building or premises *in which such person has not an interest sufficient for a lien,* as provided for in the statutes, to secure the payment therefor, "shall have and retain a lien upon such machinery, and shall have the right to remove from such building or premises such machinery in case there shall be default in the payment of such machinery when due, *leaving such building* or premises *in as good condition* as they were before such machinery was placed in or on the same." Sec. 3314, S. & B. Ann. Stats. But *Rundle, Spence & Co.* cannot justify such removal under this provision, for the obvious reason that Cooper had a sufficient interest in the building and premises to authorize a lien thereon, as prescribed in the statutes. Sec. 2025, R. S.; *Jessup v. Stone,* 13 Wis. 466. This is virtually conceded by counsel for the defendants. Besides, it is apparent from the evidence and the findings that such removal was not made, and could not have been made, in such a way as to leave the building or premises in as good condition as they were before such machinery was placed therein. Moreover, the statute declares, in effect, that no lien given thereby shall exist, and no action to enforce the same shall be maintained, unless, within the time therein prescribed, a claim for such lien

shall be filed as therein provided, etc.   Sec. 3318, S. & B. Ann. Stats.; *Wilson v. Rudd*, 70 Wis. 98.   There is no pretense that *Rundle, Spence & Co.* ever filed any claim, gave any notice, or commenced any action to preserve and perpetuate the lien which they manifestly at first acquired by putting the boiler and fixtures into and upon the premises as found by the court.

The result is that *Rundle, Spence & Co.* must be regarded, in law, as having waived and abandoned any and all claim to any lien under or by virtue of the statutes.   Whatever right or claim they had to such boiler and fixtures, therefore, was acquired by and based entirely upon the chattel mortgage taken by them March 3, 1884.   Since the boiler and fixtures became so incorporated in and attached to the building and premises as to become part of the realty, as in effect found by the trial court, it is very questionable whether the chattel mortgage ever became operative at all. *Frankland v. Moulton*, 5 Wis. 1; *Smith v. Waggoner*, 50 Wis. 155; *Taylor v. Collins*, 51 Wis. 123.

But, however that may be, since the plaintiff's claim attached to and became a lien upon all of Cooper's interest in the premises and the fixtures therein as early as February 25, 1884, and since the statute expressly declares that "such lien shall *be prior* to any other lien which originates *subsequent* to the commencement of the construction, repairs,   .   .   .   or work aforesaid of or upon such   .   .   . building, machinery,   .   .   .   or erection thereon," etc. (sec. 3314, S. & B. Ann. Stats.), it necessarily follows that such lien of the plaintiff could not be defeated by the chattel mortgage given by Cooper March 3, 1884.   The subsequent absconding of Cooper, the taking possession by *Rundle, Spence & Co.*, and operating the establishment, and paying the rent which accrued during the time, the removal of the boiler and fixtures, and the subsequent re-entry by the lessor for broken conditions in the lease, did not defeat

---

the plaintiff's lien, although they may have impaired its value. Nor did they in any way enlarge the assumed rights of *Rundle, Spence & Co.* under their chattel mortgage.

*By the Court.*— The judgment of the circuit court is affirmed.