BRUNSWICK-BALKE-COLLENDER COMPANY, Plaintiff and Appellant, vs. FRANZKE-SCHIFFMAN REALTY COMPANY, Defendant and Respondent: ILGNER, Trustee, and others, Interpleaded Defendants and Respondents.

*March 9—June 6, 1933.*

For the appellant there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Victor D. Werner* of counsel, all of Milwaukee, and oral argument by *Mr. Werner.*

*Thomas E. Torphy,* attorney for O. H. Ilgner, trustee, and *Michael B. Torphy,* attorney for C. R. Dummler, receiver, both of Milwaukee.

No appearance for the defendant Franzke-Schiffman Realty Company.

The following opinion was filed April 11, 1933:

FOWLER, J.  The contract under which the bowling alleys in suit were sold by the plaintiff was a conditional sales contract within the meaning of the Uniform Conditional Sales Law contained in ch. 122, Stats.  At the time of the enactment of that chapter the settled law of this state was as

expressed by the following quotation from *State ex rel. Gisholt M. Co. v. Norsman,* 168 Wis. 442, 445, 169 N. W. 429:

"... When machinery adapted to the purposes of a manufacturing plant is installed therein and connected with the building by wires or belts, such machinery becomes a part of the freehold, and the land, buildings, and machinery so attached constitute an entity and pass by deed, mortgage, or other conveyance of the land. This doctrine is so firmly written into the decisions of this court as to have become a rule of property in this state, which it is our duty to respect and protect."

The rule there stated was later applied in *Anglo American Mill Co. v. Wisconsin Hydro-Elec. Co.* 189 Wis. 120, 207 N. W. 276, and *Thomsen v. Cullen,* 196 Wis. 581, 219 N. W. 439. A bowling alley is not a mill or manufacturing plant. But the rule was not limited to property of that particular nature. And the rule was applicable to mortgages on the realty existing at the time of the installation of the articles as well as to mortgages executed subsequently. The case of *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698, covers both of these points. There was a mortgage on the premises at the time a furnace was installed in a dwelling house. The owner of the premises had refused to pay for the furnace on the ground that it did not comply with the warranty under which it was sold. Litigation to foreclose a mechanic's lien on the premises was instituted by the plaintiff on the ground that the furnace was a fixture and a permanent accession to the freehold, which suit failed because it was found therein that the owner had lawfully rescinded the contract for breach of warranty. Before this litigation ended the defendant had purchased the premises on sale in suit to foreclose the mortgage. The plaintiff after its determination requested leave to remove the furnace as personal property and on refusal brought replevin. As to the contention that

the furnace was a chattel recoverable by replevin the court says:

"All the essentials to change the chattel character of the property (furnace) to real estate were satisfied, viz.: physical annexation of one to the other, adaptation of the improvement to the use to which the realty was devoted, and intent of the person causing the annexation to make a permanent improvement of the freehold. . . . The relations between the parties after the plant was set up were substantially the same as they would have been had respondent sold it under an agreement that the title thereto should not pass to the vendee until it was paid for, and if payment was not made respondent should have the right to remove it from the building, doing no more injury thereto than necessary. Counsel for appellant claim that personal property incorporated into mortgaged realty under such circumstances, and without the mortgagee being a party to the transaction, becomes a part of the mortgage security. . . ."

This view was upheld by the court. The opinion quotes from *Clary v. Owen,* 15 Gray (81 Mass.) 522:

"We think it is not in the power of the mortgagor, by agreement made with a third person after the execution of the mortgage, to give to such person the right to hold anything to be attached to the freehold, which as between mortgagor and mortgagee would become a part of the realty."

This is still the law of this state applicable to this case unless there is something in the conditional sales law that overrides it. The only two provisions of that law that could apply to the instant case are the first two sentences of sec. 122.07, Stats. The first sentence of the section is as follows:

"If the goods are so affixed to realty, at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation."

The bowling alleys were unquestionably so affixed to the realty as to become a part thereof under the first part of the sentence within the rule of the cases cited.` If we consider that they were "not severable without material injury to the freehold," then the reservation of the title in the seller was void as to all persons not assenting to the reservation, and none of the defendants assented except the buyer who no longer has any interest in the realty.

The second sentence of sec. 122.07 is as follows:

"If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office of the register of deeds of the county where such realty is located, and also entered in the tract index, when kept."

If·we consider the alleys as severable without injury to the freehold under this provision, then, as the conditional sales contract was not filed at all, the reservation is void as to subsequent purchasers. A mortgagee under a mortgage executed after affixation of the article to the realty is a subsequent purchaser. The second mortgage was executed a considerable time after the installation of the alleys was completed, and the reservation of title was void as to him and the purchaser at the mortgage sale. The first mortgage was also executed after the installation of the alleys was completed, as although the mortgage was dated September 1, four days before the chattel mortgage was signed, at which time the installation of the alleys was completed, it was not signed by the mortgagor until the 19th of September and was not delivered until September 24th, the date when it was

signed by the trustee under the mortgage deed, and it did not become effective until it was delivered.

The appellant urges that the finding of the trial court that the bowling alleys were affixed to the realty so as to become a part thereof is not supported by the evidence. This position is untenable. There was much more affixation to the realty than in the *Fuller-Warren Co.* or the *Thomsen Cases, supra,* or any of the cases cited therein. It is true that witnesses for the plaintiff stated that bowling alleys are commonly treated as personal property in dealings therein, and are considered as such by manufacturers and dealers. But manufacturers and dealers cannot override or overcome the law of a state by their own interpretation of the nature of the articles in which they deal. The bowling alleys were affixed to the realty so as to become a part thereof under all the Wisconsin decisions; they were built into the building to remain permanently a part thereof; the building was built expressly as and for a bowling alley and could not function as such without the alleys installed therein; the alleys were incorporated in and an essential part of the entity covered by the mortgages.

Cases cited involving fixtures as between landlord and tenant, seller and purchaser of chattels, and the like have little bearing upon the rights of third persons dealing with the property. As to them, they having no knowledge to the contrary, what is affixed to the real estate so as to become a part thereof is real estate regardless of how the person affixing it may have regarded it or how it may be regarded as between him and the one who owned the property when it was affixed, unless, in cases of conditional sales, the seller has so complied with the conditional sales law as to protect his reservation of title.

We are not unmindful that the appellant bases its right to the property upon a chattel mortgage filed in accordance with the statute at the time in force making such mortgages

so filed valid as against subsequent purchasers of the chattels. But this feature of the case is controlled by *Schmidt v. DuBois,* 201 Wis. 631, 231 N. W. 181. In that case the owner of a building built for summer-resort purposes executed a chattel mortgage upon it which was duly filed as required by statute for the filing of chattel mortgages. The building was supported by cement piers and wooden posts. After the filing of the chattel mortgage the owner of the premises executed two real-estate mortgages thereon. The mortgagees had no knowledge of the existence of the chattel mortgage. The court held that as the building was a part of the realty, the chattel mortgage, while valid as to the parties thereto, was void as to all persons dealing with the realty who had no knowledge thereof at the time they dealt with it.

It is· claimed that the conditional sales contract and the chattel mortgage show that the plaintiff and the owner agreed that the bowling alley should be a chattel and that their agreement fixed its status as a chattel. So it did as between them, but it did not as to other persons not having knowledge thereof. The recitals in the sales contract and the execution and filing of the chattel mortgage no more made the alleys a chattel as to such other persons than did the execution and filing of the chattel mortgage in the *DuBois Case, supra.*

*By the Court.*—The judgment of the circuit court is affirmed.

NELSON, J., dissents.

A motion for a rehearing was denied, with $25 costs, on June 6, 1933.