MYHRE, Respondent, vs. MICHIGAN SILO COMPANY, Appellant.

*February 5—March 3, 1936.*

For the appellant there was a brief by *Rooney & Hillyer* of Madison, and oral argument by *Frederick F. Hillyer*.

For the respondent the cause was submitted on the brief of *J. Reese Jones* of Osseo.

MARTIN, J. On November 21, 1928, one Melvin Westegard and his wife executed a real-estate mortgage on their farm in Jackson county to the plaintiff, Alfred Myhre. On the 13th day of December, 1929, said Westegard purchased from the defendant, appellant herein, on a conditional sale

contract, the silo which is the subject of this litigation. The conditional sale contract contained the following terms:

"The title to and property in said silo remains in the Michigan Silo Company until all of said payments are made in full, and it shall remain personal property until such payments are made. Giving and accepting of notes shall not alter or divest such title. Default in any payment gives said company the right to take possession of said silo."

This contract was duly recorded in the office of the register of deeds on February 7, 1930.

Thereafter, the silo was erected on Mr. Westegard's farm upon a foundation consisting of a ring of concrete embedded in the ground, the top of it being approximately at ground level. There was no floor in the silo. It was not fastened in any manner to the foundation, but was set on top of the foundation, and its weight was considered sufficient to keep it in place. It was constructed of concrete staves about thirty inches long, four inches wide, and two and a half inches thick, which were set on end, on top of the foundation. The silo was approximately twelve feet in diameter and twenty feet in height. The inside was washed over with cement to seal the cracks. There was a wooden runway used to remove silage into the barn, and it was fastened to the barn but not to the silo.

Westegard, having failed to make the required payments, on January 7, 1933, entered into a written agreement with the defendant permitting it to remove the silo in consideration of defendant canceling and surrendering the purchase-money notes. The silo was removed from the farm on April 12, 1933. The foundation and the wooden chute were not removed. Westegard was in possession and operating the farm at the time the silo was removed.

It appears that plaintiff commenced foreclosure proceedings on July 14, 1932, on the mortgage above mentioned, and that some time thereafter he acquired title to said farm

by deed from Westegard and his wife. Such deed had not been recorded, and Westegard was still in possession of and operating said farm when this action was tried in the circuit court on September 17, 1934.

The trial court, among others, made the following finding:

"That this silo was erected on a cement foundation, attached to the barn with a wooden chute, and that the removal of said silo would be a material injury to the freehold, and its removal was a material injury to the freehold."

The court found as a conclusion of law that the defendant unlawfully removed said silo, and that the value thereof at the time of removal was $200, and gave plaintiff judgment for said sum with costs.

Sec. 122.07, Stats., provides:

"If the goods are so affixed to realty, at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation. If the goods are so affixed to the realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office of the register of deeds of the county where such realty is located, and also entered in the tract index, when kept."

The plaintiff's position is that of a prior mortgagee. He did not receive the deed to the premises from Westegard until after the silo was removed. The meaning of the words, "and not to be severable wholly or in any portion

without material injury to the freehold," is the controlling question. This is not determined by the law of fixtures, but by the law applicable to conditional sale contracts. *People's Savings & T. Co. v. Sheboygan M. Co.* 212 Wis. 449, 453, 249 N. W. 527, 250 N. W. 385. In this case the court said:

"The important words are obviously 'without material injury to the freehold.' . . . In a sense, whenever goods are affixed to the realty their subsequent severance and removal causes material injury to the freehold *as it then exists,* but in our opinion this is not the sense in which such words were used. If that were the meaning to be given them, a seller of an article which is to be affixed to the realty under a conditional sales contract would run considerable risk in selling even a gas range to a householder, a windmill to a farmer, or any machine of substantial importance to a manufacturing plant under such a contract because the severance of a gas range from a house, a windmill from a farm, or an important machine from a factory might be found to result in material injury to the freehold as of the time of severance. We think the language should not be so construed. One of the purposes of sec. 7 [sec. 122.07, Stats.] is to protect conditional sales, not to thwart or prevent them." ·

After an exhaustive review of the Uniform Conditional Sales Act, the intention of those who drafted it, and the object sought to be accomplished, and a consideration of many decisions of other jurisdictions, at page 462, this court said:

"The test of removability of goods sold under a conditional sales contract and affixed to the realty is 'material injury to the freehold,' not whether the goods are essential to the functioning of a plant or building."

The court approvingly quotes from the decision in *Reliable Building & Loan Asso. v. Purifoy,* 111 N. J. Eq. 575, 163 Atl. 151, in which it was held with respect to a heating system comprising a boiler, eleven radiators, and connecting pipes sold under a conditional sales contract subsequent to

certain mortgages on the building, that such property was removable. There the court said:

"Removing the system will, of course, diminish the comforts of the dwelling and will depreciate the value of the property to the extent of the cost of the installation of another system of heating, but these are not probative of nonseverability without material injury to the freehold. If they were, all reservations of title to personal property affixed as to become part of the realty would be invalid. The removal of fixtures conditionally sold, leaving intact the structure, complete and usable as it was before their installation, works no material injury to the freehold within the meaning of the statute."

In 88 A. L. R. at pages 1306, 1318, and 1324, a number of cases, including the case of *People's Savings & T. Co. v. Sheboygan M. Co., supra,* are annotated and the general rule is stated to be: "Where the removal of the fixtures will not materially injure the premises, a seller thereof retaining title thereto may assert his rights as against the prior mortgagee of the realty."

The foundation for the silo, the so-called concrete ring, to which reference has been made, was furnished by the purchaser, Mr. Westegard. Defendant's employees mixed the concrete and did the construction work. It is self-evident that the removal of the silo could not cause any actual or material injury to the land itself. Certainly it was not the intent of those who drafted the Uniform Conditional Sales Act and the legislatures of the several states in adopting the act, to enrich a prior mortgagee by retaining something that may be placed upon a farm under the conditional sales act, where the statute has been complied with, as in the instant case, if the subject matter of the conditional sale can be removed without material injury to the freehold. The removal of the silo in question left the Westegard farm as complete and usable as it was before the silo was placed thereon.

·On the record here, we conclude that there is no basis for the trial court's finding that the removal of the silo was a material injury to the freehold. This case is controlled by the decision in *People's Savings & T. Co. v. Sheboygan M. Co., supra.* It follows that the judgment appealed from must be reversed and the action dismissed.

*By the Court.*—Judgment reversed. Record remanded, with directions to enter judgment dismissing the action.

FOWLER, J. (*dissenting*). I dissent from the decision of the court in this case for reasons sufficiently stated in my dissenting opinion in *Standard Oil Co. v. La Crosse S. A. Service,* 217 Wis. 237, 258 N. W. 791, and in the opinions of the court in *Northwestern L. & T. Co. v. Topp O. & S. Co.* 211 Wis. 489, 248 N. W. 466; *Brunswick-Balke-C. Co. v. Franzke-Schiffman R. Co.* 211 Wis. 659, 248 N. W. 178; and *Thomsen v. Cullen,* 196 Wis. 581, 219 N. W. 439. The legislature by enactment of the Uniform Conditional Sales Law never intended to change the settled law of real estate, the law of mortgages, or the mechanic's lien law. Prior to its enactment the silo in suit would have been a part of the realty; as part of the realty it would have been subject to the lien of the plaintiff's mortgage. *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698. The laborers who erected it would have been entitled to a mechanic's lien for their work upon it had their employer not paid them.

I would not again record my dissent from the court's construction of the Uniform Conditional Sales Law but for the fact that I am wondering where that construction will lead us. The next case may be one wherein A has loaned B money to erect a dwelling house on B's vacant lot, and taken a mortgage on the lot to secure the loan. A has purchased a "fabricated house" from a mail-order house to be erected by the seller. The seller does not pay the laborers who erect the house. The seller secures a uniform conditional sales contract from B and files it. B does not pay the seller, and

the seller removes the house under the contract. B might not be entitled to any sympathy in the supposed case, but how about the mortgagee and the workmen? And how does the supposed situation differ from that involved in the construction of a house not "fabricated?" Why may not the landowner and the contractor by an agreement that the house shall be considered as a chattel sold under the Uniform Conditional Sales Law instead of real estate, make it so, and thus defeat existing mortgages and destroy the lien security of materialmen and workmen? A dwelling house may be removed "without material injury to the freehold" as it existed prior to the erection of the dwelling house, just as in the opinion of the court the silo in the instant case was so removed. No structure so attached to the realty as to become a part thereof—as the instant silo was attached—should be permitted to be removed from it to the injury of those having existing liens on the realty. The statute should be construed as referring to the condition of the realty existing at the time of the removal, not at the time of the erection of the structure removed. The removal of any such structure, if it has any considerable value, is necessarily a material injury to the freehold.

I realize that the supreme court of Colorado ruled that a silo could be removed by the seller under conditions such as existed in the instant case. That decision should be given force only so far as its reasons are forceful. That decision, *Beatrice Creamery Co. v. Sylvester,* 65 Colo. 569, 179 Pac. 154, was not unanimous. I agree with the dissenting opinion of Mr. Chief Justice CARRIGUES. The Uniform Conditional Sales Law should be repealed or modified by the legislature if the construction of it by the Colorado court and this court in the instant case is otherwise to become the settled law.

I am authorized to state that Mr. Justice WICKHEM concurs in this dissent.