## TAYLOR vs. COLLINS and others.

*December 24, 1880 — January 11, 1881.*

PARTIES. *(1) Who necessary parties in foreclosure of land contract. Waiver of objection for defect of parties.*
EQUITY. *(2) Judgment in equity not reversed for admission of improper evidence. (3) Effect of verdict.*
FIXTURES. *(4) Oral declarations as evidence that certain things are fixtures. (5) Their removal enjoined without proof of defendant's insolvency. (6) Certain machinery held to be fixtures.*

1. In an action for strict foreclosure of a land contract, the plaintiff's rights are not affected by the fact that since the sale a third person has bought of the purchaser some interest in the land; and the objection that such person is not made a party is waived if not taken by demurrer or answer.

2. A judgment in equity will not be reversed for the admission of improper evidence, when such evidence has not improperly affected the findings of the trial court.

3. In a suit in equity, the court, after submitting questions of fact to a jury for a special verdict, may set aside the verdict, and find the facts for itself.

4. Evidence of oral statements of the purchaser at the time of the purchase of land, as to his intention to build a shop thereon and place in it the necessary machinery for a manufacturing establishment, though inadmissible to modify the written contract of sale, is admissible as bearing upon the question (where that is in issue), whether machinery actually found upon the land is in the nature of *fixtures*.

5. In an action to foreclose a land contract, the purchaser may be enjoined from removing structures which have become a part of the realty, without showing that he is insolvent, at least when such removal would leave the premises of very little value, and very greatly damaged.

6. The machinery and attachments here in question consisted of a steam boiler, set in a brick arch which rests on a stone foundation let into the ground about two feet; an engine resting on a bed of brick masonry on a stone foundation let into the ground in like manner; line shafting adapted in length and adjustment to the shop, and connected with the engine by a band from the main wheel, and securely fastened to the shop by hangers bolted to the joists and beams of the second floor; a circular and jig saw, with frames, etc.; a mortising machine, a planer, a borer, a header, and a turning lathe, all securely fastened to the building in the usual manner of such machinery, and operated solely by the steam power. Defendant built the shop and put in said machinery and attachments, intending to make them permanent accessions to the freehold, as an improvement of his own property for the purpose of carrying on a manufacturing business; and the same were so constructed and annexed as to be adapted to the use to which the premises were devoted, and were actually so applied. *Held*, that the whole of said machinery and attachments were *fixtures*.

APPEAL from the Circuit Court for *Fond du Lac* County.

Defendants appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

*Geo. E. Sutherland*, for the appellants.

For the respondent there was a brief by *Shepard & Shepard*, and oral argument by *Charles E. Shepard*.

ORTON, J. The complaint is for the strict foreclosure of a land contract, and alleges, amongst other things, that since the

sale the defendant *Enos Collins* had built and constructed on the premises a wooden building, made, and part of the time used, for a manufactory of spring beds and other articles; that such building contains tools and articles of machinery, which are fixtures belonging in and to said shops, and are a part of the realty; and that the defendant *Collins* threatens to remove said machinery from said building and premises; and it prays for an injunction against such removal. The answer denies that said articles of machinery are fixtures, and alleges that they are personal property, and the right to remove them as such.

. This was the main issue tried and determined by the circuit court; and the only questions presented on this appeal are: *first*, whether one Nightingale was a necessary party to the suit; *second*, whether certain evidence was admissible; *third*, whether, after a special verdict of a jury on certain questions of fact, the court had the right to set aside such verdict, and try and determine such questions without a jury; *fourth*, whether a proper case was made for an injunction against the defendant *Collins*, restraining him from removing said machinery; and *fifth*, whether said articles of machinery were fixtures, and a part of the realty. These questions will be disposed of in their order.

*First.* It is stated in the complaint that Nightingale had contracted with *Collins* for the purchase of a part of the premises; and the question as to his being a necessary party to the action was not raised either by demurrer or answer. The only question, therefore, now is, whether the circuit court could make a full and final disposition of the case without his being a party. It is quite immaterial to the rights of the plaintiff that Nightingale bought an interest in the premises of *Collins*. It could not affect his rights in any way. If he was a necessary party in order that the rights of all persons claiming any interest in the premises subordinate to the original contract of sale between the plaintiff and *Collins* might be

adjusted in this suit, then it is not apparent how such rights could be adjusted in this suit. The plaintiff is not interested in such adjustment, and the defendants have waived their right to have Nightingale made a party for such purpose by not asking it.

*Second.* As to the admission of improper evidence, this being a suit in equity, unless such evidence improperly affected the findings of the circuit court, it will be regarded as immaterial. The question asked the witness, whether the machinery in this case was attached to the realty as it is ordinarily in other machine shops, is asking for the mere opinion of the witness, which could not affect the question whether such machinery was in fact attached to the realty, and would not be likely to affect the findings of fact. The testimony objected to, as to what was said between the agent of the plaintiff and the defendant *Collins* at the time the written contract was made, or a short time before, in respect to his building a shop upon the premises and placing in it the necessary machinery for a manufacturing establishment and business, was not admissible as a part of the contract, or to change the written contract; but it appears to have been admissible and proper as tending to show the intention of the defendant *Collins* in making the constructions in question permanent and a part of the realty, or otherwise. This will more clearly appear when the question as to whether this machinery was fixtures, or otherwise, is hereinafter considered.

*Third.* The setting aside the special verdict of the jury, and the finding of the facts by the court, were within the discretion of the court sitting as a court of equity, and not improper. To this effect is the decision of this court in *Will of Patrick Carroll*, 50 Wis., 437.

*Fourth.* To make a proper case for an injunction restraining the defendant *Collins* from removing the fixtures from the premises and thereby committing acts of waste thereon, it was not necessary to show that he was insolvent, or unable

to respond in damages for such waste, or to pay any surplus. Although in nearly all respects this land contract and its foreclosure are analogous to an ordinary mortgage and its foreclosure, yet in one respect, at least, it is materially different. The plaintiff can obtain by his action nothing but a strict foreclosure and the removal of this cloud from his legal title. He is in pursuit of his money, or, in default, of the land itself; and nothing more, and this he is entitled to have intact, and the whole of it, and hence the solvency or insolvency of the defendant is quite immaterial.

But even in the foreclosure of an ordinary mortgage to obtain an injunction against waste, it is not necessary to show the insolvency of the mortgagor. *Fairbank v. Cudworth*, 33 Wis., 358; *Northrup v. Trask*, 39 Wis., 515. It is alleged in the complaint that the removal of the machinery would leave the premises of very little value and very greatly damaged, and the circuit court found these allegations true. The case of *Kimball v. Darling*, 32 Wis., 675, is most strongly in point and nearly parallel with this case in its facts; and this court held in that case that an injunction against the removal of the machinery was not only proper but necessary relief.

This disposes of the questions raised, except the last, which is treated by counsel on both sides as the vital question in the cause.

*Fifth.* Were the articles of machinery which the defendant threatened and claims the right to remove, in fact and law fixtures? The learned counsel for the appellant claims that the rules by which it is to be determined whether articles of machinery are fixtures, are — "*first*, actual physical annexation to the realty; *second*, application or adaptation to the use or purpose to which the realty is devoted; *third*, an intention on the part of the person making the annexation to make a permanent accession to the freehold." These rules are unquestionably correct, and form the true criterion for determining in all cases whether the constructions in question are fixtures; and we

readily adopt them in this form, although this court has already substantially laid down the same rules in other cases. The difficulty in such cases is not in the *rules* to be adopted by which the question is to be determined, but in the application of correct rules to the *facts* of a given case. The decisions of courts, in the application of these rules to the facts of different cases, are as diverse and apparently as conflicting as the diversity and peculiarity of the facts themselves; and such decisions are of very little use as authority, unless closely analogous in their facts to the case under consideration; and such cases are extremely rare. The citation and examination of numerous cases, not so analogous, are worse than profitless, for they tend to confuse and embarrass rather than to enlighten and settle the judgment.

The machinery in question and its attachments consist of a steam boiler and engine, the boiler set in a brick arch, which rests on a stone foundation let into the ground about two feet, the engine resting in a bed of brick masonry which is built on a stone foundation let into the ground about two feet. The line shafting, in length and adjustment, is adapted to the building, and is connected with the engine by a band from the main wheel, and securely fastened to the shop by hangers bolted to the joists and beams of the second floor. The operating machinery consisted of a circular saw and frame and a jig saw and frame, with the different saws belonging thereto, a mortising machine, a planer, a borer and header, and a turning lathe, all securely fastened to the building in the usual manner of such machinery, and run and operated solely by the steam power. It was the intention of the defendant *Collins*, in building the shop and in putting in the steam works and machinery, to make them permanent accessions and annexations to the soil or freehold, and to make them a permanent benefit and addition to the value of the fee, and as an improvement of his own property for the purpose of establishing and carrying on such manufacturing business. All of

said machinery is adapted to the use to which the premises were put, and was actually applied thereto, and was so constructed, placed and annexed as to be conveniently applied thereto. These facts were found by the court, and also that all parts of said machinery were fixtures; and it was also found that certain machinery in an upper room in said building, and certain tools in and about the shop, were not fixtures. It is conceded by the learned counsel of the appellants that the steam boiler and engine and shafting were fixtures, but claimed that the remainder of said machinery was *not;* and this is the only question to be decided here.

The circuit court has found as facts all of the three elements which make this machinery fixtures: physical annexation, intention, and appropriate use; and as to the last two we think the finding is fully sustained by the evidence, without question. The verbal promise of the defendant *Collins* before the written contract was entered into, and as an inducement thereto, that he would build such a shop and put machinery therein for the purpose of such manufacturing business on said premises, his being the purchaser of the property, and presumed to intend to pay for and own it for his own use and benefit, together with the character of the improvements themselves, and their long and uniform use, clearly evince an intention to make such improvements, including such machinery, permanent fixtures and a part of the realty. This matter of intention is coming to be the main test in such cases, and the matter of physical annexation of comparatively little importance. *Huebschmann v. McHenry*, 29 Wis., 655. If there is a general purpose in the use of such machinery in connection with any particular business, and the machinery is suitable and adapted and actually applied to such use, it is immaterial what such manufacturing business may be, whether for the production of one thing or a variety of things. This machinery may have been designed and used for the production of many things, and for the manufacture of wooden

articles generally; yet its use is as specific and limited to one general purpose as if used only for the production of one thing, as in a cotton or woolen factory, or a flouring mill, or an iron foundry. So we think the circuit court found correctly as to the use and adaptation to use of the machinery in question, which supplies another element to make it a fixture. The principal assault is made upon the finding that those parts of the machinery outside, distant, but connected with such steam machinery, are fixtures. The steam machinery and shafting are admitted to be a part of the realty. Here at this exact point it is proposed to cut off the other machinery, and separate it. It is said that this part of the machinery may be taken away without detriment to the steam machinery, and used in another manufactory. So could the steam machinery be taken away and applied to use elsewhere. The comparative inconvenience of its removal would make no difference with the principle.

But, without further discussion of the question, we will apply to its decision cases as nearly analogous as can be found. The facts stated in the complaint in *Kimball v. Darling*, *supra*, are: "That, soon after they entered into said agreement, the defendant last-aforesaid erected upon said premises a cab-manufacturing establishment, and put therein machinery which became a part and parcel thereof, and proceeded to operate the same, and, among other machinery which they put therein for the purpose aforesaid, was a steam-engine and boiler *and planing machine and planer.*" On this averment *alone* this court decided in that case that the machinery was all fixtures, and the case a proper one for an injunction against its removal. This would seem to be conclusive of the question here; for the *planing machine* is quite outside of the line sought to be drawn in this case between the steam machinery and the other machinery, including the planing machine connected with it. It is not stated in that case that such machinery became part and parcel of the soil, but only of the

cab-manufacturing establishment; and so here all of this machinery became a part and parcel of the establishment for the manufacture of wooden articles. The decision in that case scarcely leaves the question here open to debate.

In *Frankland v. Moulton*, 5 Wis., 1, the same kind of machinery was in question, and held to be fixtures. In *Ottumwa Woolen Mill Co. v. Hawley*, 44 Iowa, 57, the machinery was substantially of the same character of that in this case, and the line sought to be drawn between the steam and the other machinery was in the same place; and the court held, after a very full and able investigation of cases, that all of the machinery together was fixtures. The following are cases of similar machinery and of similar connection and attachments, where it is held by the authorities that the whole of the machinery together was fixtures: *Parsons v. Copeland*, 38 Me., 537; *Winslow v. Merchants' Ins. Co.*, 4 Met., 306; *Voorhis v. Freeman*, 2 Watts & Serg., 116. Many cases equally in point are cited in the brief of counsel, and many more are referred to in the cases cited; but the exact point having been so nearly if not actually and literally decided by this court, it is needless to multiply them in this opinion. We think the findings of fact are sustained by the evidence, and the conclusions of law by the authorities, and that that part of the judgment appealed from should be affirmed.

*By the Court.*—That part of the judgment of the circuit court appealed from is affirmed.

TAYLOR, J., dissents.