402

DAVID G. JANES COMPANY, Plaintiff and Respondent, vs. WEED and wife, imp., Defendants and Appellants: DAVID G. JANES COMPANY as Trustee, Defendant and Respondent.

*February 7—March 6, 1934.*

For the appellants Weed there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt*.

For the respondent there was a brief by *Hand & Quinn* of Racine, and oral argument by *E. B. Hand*.

ROSENBERRY, C. J.   So far as the contention made by the appealing defendants that the bowling alleys were not so affixed to the realty as to become a part thereof, this case

is ruled by *Brunswick-Balke-Collender Co. v. Franzke-Schiffman R. Co.* 211 Wis. 659, 248 N. W. 178. The building in this case was erected especially to accommodate the bowling alleys and the alleys were affixed to the realty in the same way that they were affixed in the *Brunswick-Balke-Collender Co. Case.* It is claimed, however, on behalf of the appellants, that the plaintiff always regarded the bowling alleys as personal property. This claim is based upon the fact that by the terms of the policies of insurance, which were taken out originally by Weed, the bowling alleys were separately insured, and upon the further fact that on March 19, 1931, the defendant Weed attempted to make a sale of the bowling-alley equipment to one Melik, upon which contract Melik paid down $50, which amount was credited by the plaintiff upon the purchase price of the premises. The proposed sale fell through, and it is argued that the acceptance of the $50 payment in some way operated as a severance so as to estop the plaintiff from claiming that the alleys in question were so affixed to the real estate as to become a part of it. It is considered that these circumstances have very little if any significance. The fact that a seller having a lien upon property might consent to a severance upon payment of the value of the severed property in no way disturbs his right as it existed prior to the making of the proposed arrangement, and the trial court correctly so concluded.

In the view which we take of the case it is not necessary for us to consider other questions raised.

*By the Court.*—Judgment affirmed.

NELSON, J. (*dissenting*). As I disagree with the opinion of the court I shall state the reasons for my dissent.

In the first place I agree that the bowling alleys were actually physically annexed to the real estate. But annexation is only one of the factors to be considered. Whether articles are fixtures is determined by (1) their actual phys-

ical annexation to the real estate, (2) their adaptability to the use and purpose to which the realty is devoted, and (3) the intention on the part of the person making the annexation to make a permanent accession to the freehold. *Taylor v. Collins,* 51 Wis. 123, 8 N. W. 22; *Gunderson v. Swarthout,* 104 Wis. 186, 190, 80 N. W. 465; *Thomsen v. Cullen,* 196 Wis. 581, 599, 219 N. W. 439. This is elementary law. However, the decisions give controlling influence to the intention of the party making the attachment. As was said in *Taylor v. Collins, supra:*

"This matter of intention is coming to be the main test in such cases, and the matter of physical annexation of comparatively little importance."

In *McRae v. Central Nat. Bank,* 66 N. Y. 489, 495, it is said:

"As between vendor and vendee, the mode of annexation is not the controlling test; the purpose of the annexation and the intent with which it was made is, in such cases, the most important consideration."

I have no quarrel with the rule recited in 26 Corp. Jur. p. 675, upon which the plaintiff relies:

"Articles annexed or structures erected by a purchaser of land who is in possession by virtue of his contract of purchase, but who has not yet obtained title to the premises, cannot ordinarily be removed by him without the consent of the vendor, the presumption being from his interest under his contract and expectation of acquiring absolute title, that he intended the articles or structures to be part of the land."

However, the presumption mentioned is not conclusive and drops out when credible evidence to the contrary is adduced. *Snuffer v. Spangler,* 79 W. Va. 628, 92 S. E. 106; *McRae v. Central Nat. Bank,* 66 N. Y. 489, 495.

In my opinion the court gives undue consideration to the matter of annexation, and ignores several of the undis-

puted facts upon which the appellant so earnestly relies, and which, in my view, are controlling.

It clearly appears that the plaintiff was required by the contract, as vendor, to construct the building but was not required to furnish it with bowling alleys and equipment. Defendant Weed, hereafter called the defendant, was to furnish the alleys and equipment. There is nothing in the contract suggesting that when the building was completed and the alleys and equipment were installed therein by the defendant the alleys were to be considered by the parties as real estate. Quite the contrary appears from the contract. The contract provided that the defendant should pay to the plaintiff $24,900 in certain instalments. The agreement provided among other things:

"When the principal sum is reduced to $15,000 party of the first part will convey to party of the second part *the parcel hereinafter described,* and the party of the second part will execute to the party of the first part a mortgage for $15,000 secured by the parcel hereinafter described *and the bowling alleys and their equipment located thereon.*"

It certainly appears from the contract that it was not intended that the plaintiff would have any claim to the bowling alleys and equipment prior to the execution of the $15,000 mortgage, which, according to the contract, was to be secured "by the parcel hereinafter described and the bowling alleys and their equipment located thereon."

It appears without dispute that defendant Weed bought the bowling alleys from Brunswick-Balke-Collender Company, and after making a comparatively small down payment secured the balance of the purchase price by giving a chattel mortgage on the alleys and equipment. The plaintiff knew of the arrangement, knew that the bowling alleys were subject to the chattel mortgage (duly filed) until fully paid for.

It is also undisputed that the contract required the defendant to cause the building to be insured in the sum of their insurable value and to deliver such policies to the plaintiff. The policies so delivered specifically excluded coverage on the bowling alleys and equipment and such policies were received and retained by the plaintiff without objection. The plaintiff appears to be an intelligently and well managed company. It seems clear that it would have objected to the coverage if the policies delivered to it from time to time had not complied with the terms of the contract and the understanding.

It is undisputed that during all of the times mentioned the defendant effected insurance on the bowling alleys, that he retained the policies in his possession and that no riders were attached to them providing for the payment of any loss to the plaintiff as its interest might appear.

It further appears without dispute that after the defendant became financially involved and failed to renew the policies on the building the plaintiff renewed such policies at its own expense. Such policies contained the following provision, or one similar to it:

"It is understood and agreed that this policy does not cover the bowling alleys or their equipment. Loss payable to David G. Janes Company as their land contract interest may appear."

It further appears that on March 9, 1931, the defendant entered into a contract for the sale of the bowling alleys and equipment and that he was paid the sum of $50 to bind the bargain. The $50 was paid over to the plaintiff and credited on defendant's account and no objection was made by the plaintiff to such proposed sale.

It further appears without dispute that on March 8, 1930, the defendant gave a chattel mortgage on the alleys to de-

fendant Discher to secure the payment of $3,500 advanced by Discher to him.

It thus clearly appears that the defendant always regarded the bowling alleys as personal property, subject to the mortgage given to Brunswick-Balke-Collender Company, subject to separate insurance, subject to sale by him, and subject to the chattel mortgage given by him to Discher. It clearly appears that at the outset the plaintiff regarded the bowling alleys and equipment as personal property subject to the purchase-price mortgage given to the Brunswick-Balke-Collender Company, that it did not insist on having delivered to it policies of insurance covering the bowling alleys and equipment, that it made no objection to the policies delivered, that it was apparently agreeable to a sale of the alleys by the defendant, and that when the defendant failed to cause the building to be insured it effected such insurance and received policies which specifically excluded coverage on the bowling alleys and equipment.

I think that the findings of the trial court that the bowling alleys were fixtures, is against the great weight and clear preponderance of the evidence and should not be sustained by this court.

The bowling alleys cost over $11,000 and the equipment several thousand more. The decision of the court takes all of this property from the defendant and gives it to the plaintiff. The decision also wipes out the $3,500 chattel mortgage given to Discher. It is my opinion that the undisputed evidence impels the conclusion that the bowling alleys and equipment were not fixtures and that so much of the judgment as adjudges that they are fixtures and a part of the real estate should be reversed.