AMERICAN LAUNDRY MACHINERY COMPANY, Appellant, vs.
LARSON and others, Respondents.

*November 9—December 4, 1934.*

For the appellant there was a brief by *Dougherty &
Dougherty* of Wisconsin Dells, and oral argument by *Robert
Dougherty*.

For the respondent Wright there was a brief by *Rogers &
Owens* of Portage, and oral argument by *H. B. Rogers*.

WICKHEM, J. This appeal requires an application to the
undisputed facts of secs. 122.05, 122.06, 122.07, and 122.11,
of the Uniform Conditional Sales Act. In order to appre-
ciate the contentions and to arrive at a conclusion as to the
rights of the parties, a chronological statement of the trans-
actions involved will be necessary.

In 1924, Gertrude Larson acquired the real estate in ques-
tion. Later, a concrete addition was built upon the premises
for the purpose of conducting a laundry in partnership with
her husband, George W. Larson. On September 18, 1925,
the defendant Vinnette Wright made a loan of $9,000 and
the Larsons executed a first mortgage covering the real estate
in question. On January 29, 1926, plaintiff sold certain ma-
chinery to the Larsons, and the first conditional sales con-
tract was executed by the plaintiff and filed with the city
clerk. On May 4, 1926, other machinery was sold by plain-
tiff to the Larsons, and the second conditional sales contract
executed and filed with the city clerk. These contracts, how-
ever, were not filed in the office of the register of deeds with

a statement describing the real estate and reciting that the goods are to be affixed thereto, as required by sec. 122.07. On November 18, 1926, Vinnette Wright loaned an additional $6,000 and received a second mortgage upon the same real estate. On November 22, 1926, a chattel mortgage was executed by the Larsons to Vinnette Wright covering the personal property in the laundry, including the machinery involved in the two conditional sales contracts heretofore mentioned. On June 3, 1927, plaintiff sold another item of machinery to the Larsons, and the third conditional sales contract was executed by plaintiff and filed with the city clerk but not with the register of deeds, as required by sec. 122.07. On September 18, 1929, a second chattel mortgage was executed by the Larsons to Vinnette Wright covering the same property as the first. This instrument was filed with the city clerk September 21, 1929. On October 12, 1929, a third chattel mortgage was executed by the Larsons to Vinnette Wright covering the same property as the mortgage of September 18th, and this mortgage was duly filed. On June 2, 1933, the real estate was sold under foreclosure to Vinnette Wright. At the sale plaintiff gave notice of its claim to the machinery.

It is asserted by defendant Wright, and the evidence sustains this conclusion, that until the time of the foreclosure sale, or shortly prior thereto, she had no knowledge of the existence of the conditional sales contracts.

It is respondent's first contention that this controversy is governed by sec. 122.07, which provides as follows:

". . . As against the owner of realty the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office of the register of deeds of the county where such

realty is located, and also entered in the tract index, when kept."

It is contended that plaintiff, having failed to comply with the terms of the statute, lost its right to claim the goods as against the defendants Larson (the owners) and their grantees. There is no merit to this contention. As appears from the annotations to the Uniform Conditional Sales Act, this section of the statute deals with the situation where goods are affixed to the real estate by a contractor or subcontractor without the knowledge or consent of the owner, and has no application where the owner of the realty is the vendee under a conditional sales contract. *People's S. & T. Co. v. Sheboygan M. Co.* 212 Wis. 449, 455, 249 N. W. 527, 250 N. W. 385.

There is no contention that the property here involved cannot be removed without material injury to the freehold, as that term is defined in the Uniform Conditional Sales Act. This being true, the same situation is here presented as was dealt with in *People's S. & T. Co. v. Sheboygan M. Co., supra.* It distinctly is not governed by *Brunswick-Balke-Collender Co. v. Franzke-Schiffman R. Co.* 211 Wis. 659, 248 N. W. 178, because this case dealt with chattels so affixed as not to be removable without material injury to the freehold, or by *David G. Janes Co. v. Weed,* 214 Wis. 402, 253 N. W. 181, because this case did not involve a conditional sales contract. It was specifically held in the *People's S. & T. Co. v. Sheboygan M. Co. Case* that where the contest is between a conditional sales vendor and others interested in the property, the provisions of the Uniform Conditional Sales Act govern, and not the law of fixtures. Since the property in this case was capable of being severed without material injury to the freehold, the second portion of sec. 122.07 applies. This reads as follows:

"If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but

to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office of the register of deeds of the county where such realty is located, and also entered in the tract index, when kept."

Applying this section to the facts of the case, it is clear to us that the execution on November 18, 1926, of a second mortgage to the defendant Wright constituted her a subsequent purchaser of the realty for value without notice of the plaintiff's title, in so far as the first two conditional sales contracts were concerned; that is, the contracts of January 29th and May 4, 1926. It is equally clear to us that in so far as defendant Wright's claim to priority is based upon her status as a purchaser upon foreclosure sale, she must fail, since the record disclosed that prior to defendant's bid, she had notice of the conditional seller's title under all the preceding sales. Hence, in so far as the conditional sale of June 3, 1927, is concerned, which was later than the execution of the second mortgage, the defendant Wright has no standing to assert the invalidity of the conditional sales contract by virtue of her status as a purchaser upon foreclosure sale. She has consequently no right to protection under sec. 122.07.

An alternative contention made by defendant Wright is that by electing to take a chattel mortgage upon the machinery, defendant Wright and the Larsons elected to treat it as personalty, and that since plaintiff, by its conditional sales contract, had also treated it as personalty, it should be so regarded here and sec. 122.07 dropped from consideration. With this as a foundation, it is asserted that since none of the conditional sales contracts were renewed under the terms of sec. 122.11, their validity terminated after three years, and

defendant Wright would take the machinery under her chattel mortgages. Sec. 122.11 provides:

> "The filing of conditional sale contracts provided for in sections 122.05 to 122.07 shall be valid for a period of three years only. . . . The validity of the filing may in each case be extended for successive additional periods of one year from the date of refiling by filing with the register of deeds a copy of the original contract. . . . "

Since the conclusion is clearly untenable, it is unnecessary to determine whether the premise is valid.

A failure to refile a conditional sales contract destroys its validity only as to subsequent purchasers and creditors. It does not operate to invalidate the contract as to those whose rights during the three years following the filing were subordinate to the conditional sales contract. The commissioners' notes to this section state that its purpose was to make unnecessary such an extended search as would be required if the effect of filing was unlimited in time. This plainly indicates that its provisions were designed only to protect creditors and purchasers whose rights accrued after the expiration of the three-year period. The sole effect of the failure to refile is to terminate, as to all persons who were not theretofore affected by it, the constructive notice accomplished by the filing. At the time this section was drafted, only Minnesota, Nebraska, New York, and Wisconsin had laws limiting the effectiveness of filing to a definite period. Under the refiling law as it existed in New York prior to the adoption of the Uniform Conditional Sales Act, a failure to refile was held to render the contract void only as to subsequent purchasers or mortgagees. *Colwell Lead Co. v. Home Title Ins. Co. of New York,* 154 App. Div. 83, 138 N. Y. Supp. 738; *Rodney Hunt Mach. Co. v. Stewart* (1890), 57 Hun, 545, 11 N. Y. Supp. 448. The contract was good as to rights accruing during the period for which filing was effective. *American Box Mach. Co. v. Zentgraf* (1899),

45 App. Div. 522, 61 N. Y. Supp. 417. This is the law in Wisconsin as to chattel mortgages, although the section relating to the refiling of chattel mortgages specifically refers to subsequent purchasers and creditors. *Lowe v. Wing,* 56 Wis. 31, 13 N. W. 892; *Ullman v. Duncan,* 78 Wis. 213, 47 N. W. 266; *Nix v. Wiswell,* 84 Wis. 334, 54 N. W. 620.

The foregoing results in the conclusion that the trial court correctly held that the conditional sales contracts of January 29th and May 4, 1926, were void as to the defendant Wright, and that the court was in error in arriving at the same conclusion with respect to the conditional sale of June 3, 1927. Plaintiff is entitled to the machinery described in this contract, and to judgment in its favor to this extent.

*By the Court.*—Judgment affirmed in so far as it denies plaintiff recovery of the property described in the conditional sales contracts of January 29th and May 4, 1926; judgment reversed in so far as it denies plaintiff recovery of the property described in the conditional sales contract of June 3, 1927, and cause remanded with directions to enter judgment for the plaintiff. Plaintiff in this case and plaintiff in the case of *Vorclone Corp. v. Larson, post,* p. 214, 257 N. W. 611, to tax and divide one bill of costs.