METROPOLITAN SAVINGS & LOAN ASSOCIATION, Respondent, v. ZUELKE'S, INC., Appellant.

*No. 178. Argued March 4, 1970.—Decided April 3, 1970.*
(Also reported in 175 N. W. 2d 634.)

For the appellant there was a brief by *Prieve, Gerlach & Meyer* of Milwaukee, and oral argument by *John H. Gerlach*.

For the respondent there was a brief by *Usow, Teper & Weiss*, and oral argument by *Richard A. Victor*, all of Milwaukee.

BEILFUSS, J. The issues broadly stated are: Does a real estate mortgagee, based upon subsequent advances, have a superior lien upon property installed by a vendor who neglected to file his conditional sale contract and, if so, what is the measure of damages for wrongful repossession by the conditional sale vendor?

All transactions in this matter took place in 1963, prior to the effective date of the Uniform Commercial Code in Wisconsin, July 1, 1965. There is no dispute between the parties that the case is governed by the law of conditional sale contracts then in effect, not the general law of fixtures. Specifically in point on the present controversy is the second sentence of sec. 122.07, Stats. of 1961:

"**Fixtures.** If the goods are so affixed to realty, at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation. *If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office of the register of deeds of the county where such realty is located, and also entered in the tract index when kept.* As against the owner of realty

the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office of the register of deeds of the county where such realty is located, and also entered in the tract index, when kept." (Emphasis supplied.) [1]

The applicability of ch. 122, Stats. 1961, to a contest between a prior mortgagee and a conditional sale contract vendor was recognized by this court in *People's Savings & Trust Co. v. Sheboygan Machine Co.* (1933), 212 Wis. 449, 453, 249 N. W. 527, 250 N. W. 385, where it was said:

"That the machines and equipment were fixtures which would pass to a purchaser of the real estate without notice, or which would be subject to the lien of a subsequent mortgage without notice, is, under our decisions, entirely free from doubt; but we are not here dealing with the right of a subsequent purchaser or mortgagee without notice to claim the machines in question. Moreover, in the view we take of this controversy, it is not ruled by the law of fixtures but by the law of conditional sales contracts; and consequently the well established common law applicable to fixtures has, in our opinion, little to do with this controversy."

The appellant, Zuelke's, argues that Metropolitan can only claim protection under sec. 122.07, Stats. 1961, if it is demonstrated it is a subsequent purchaser for value since the draperies and carpeting could be removed without material injury to the freehold. The plaintiff has not contended that it proved material injury to the freehold; it argues, and rightfully so, that it is a "subsequent purchaser" under the statute and that its lien was

---

[1] Sec. 122.01 (8), Stats. 1961, provides: " 'Purchaser' includes mortgagee and pledgee."

not dependent upon a showing of "material injury to the freehold."

The trial court held Metropolitan was a subsequent purchaser for value without notice of Zuelke's claimed reservation of title on the authority of *American Laundry Machinery Co. v. Larson* (1934), 217 Wis. 208, 257 N. W. 608. In that case this court held the execution of a second mortgage subsequent to the execution of an unperfected conditional sale contract gave rise to a superior security interest in the mortgagee who did not have actual notice of the sale agreement. Even though the parties to the second mortgage were the same as in the first mortgage, the court indicated the execution of the second mortgage made the mortgagee a subsequent purchaser for value within the meaning of sec. 122.07, Stats. 1961.

The distinction between the *Larson Case* and the instant one is the date of execution of the respective mortgages. In *Larson* only the mortgage executed after the conditional sale contract was deemed a subsequent purchase. Here we have a *prior* mortgage with advances on it made subsequent to the sale contract. The general rule is to the effect that subsequent advances made on a prior mortgage act to secure the lien as of the prior date.[2] Though the so-called "dragnet" clauses were recently limited in Wisconsin in *Capocasa v. First Nat. Bank* (1967), 36 Wis. 2d 714, 154 N. W. 2d 271, the usefulness of construction or building loan mortgages was denoted there, at page 719:

"There is no doubt that mortgages to secure future advances serve a socially and economically desirable purpose.

"Wisconsin has long recognized that a mortgage can secure future advances and the lien of the mortgage will attach at the time of the mortgage even though the advances are made at a later date. *Carter v. Rewey* (1885), 62 Wis. 552, 22 N. W. 129; *Wisconsin Planing Mill Co. v. Schuda* (1888), 72 Wis. 277, 39 N. W. 558; *Claridge*

---

[2] *See* 59 C. J. S., *Mortgages*, p. 297, sec. 230.

*v. Evans* (1908), 137 Wis. 218, 118 N. W. 198, 118 N. W. 803.

"Sec. 215.21 (4) (b), Stats., specifically recognizes that saving and loan associations may enter into mortgages that will secure additional advances so long as the total does not exceed the stated amount of the mortgage."

The respondent, Metropolitan, states the rationale for the rule of *Larson* is that the mortgagee relied on the condition of the premises in making the second mortgage loan and was entitled to security in the chattels then incorporated in the building. We agree that reasoning applies with equal force to advances made by Metropolitan after installation of the drapes and carpeting in reliance on a security interest in those additions to the premises.

Mr. Hanley, an officer of Metropolitan, testified that all of the proceeds would not have been advanced without the installation of the carpets and draperies.

Under the statute Zuelke's could have protected its interests by complying with the statute in filing its conditional sale contract in the office of the register of deeds and entering this fact in the tract index. When it failed to do so Metropolitan had a right to have this property included within its security interest as a subsequent purchaser without notice.[3]

The appellant, Zuelke's, also contends the draperies and carpeting were not affixed to the real estate within the meaning of sec. 122.07, Stats. 1961. The stipulation agreed to by the parties stated only that these items were "installed." The trial court found as follows:

"I find that the personal property in question consisting of carpeting, draperies, drapery rods and brackets, was installed in the premises in question by Odin, Inc., with intent to make a permanent accession to the freehold."

[3] *Also see Swift Lumber & Fuel Co. v. Elwanger* (1934), 127 Neb. 740, 256 N. W. 875.

This finding of the trial court should not be upset unless it is against the great weight and clear preponderance of the evidence.[4]

The trial court relied on and cited *Standard Oil Co. v. La Crosse Super Auto Service* (1935), 217 Wis. 237, 240, 241, 258 N. W. 791. In that case this court stated:

"Whether articles of personal property are fixtures, *i.e.*, real estate, is determined in this state, if not generally, by the following rules or tests: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the freehold. *Taylor v. Collins*, 51 Wis. 123, 8 N. W. 22; *Walker v. Grand Rapids F. M. Co.* 70 Wis. 92, 35 N. W. 332; *Homestead Land Co. v. Becker*, 96 Wis. 206, 71 N. W. 117; *Thomsen v. Cullen*, 196 Wis. 581, 219 N. W. 439.

"It has often been said by this court that the matter of physical annexation of the article to the freehold is relatively unimportant:

" 'This matter of intention is coming to be the main test in such cases, and the matter of physical annexation of comparatively little importance.' *Taylor v. Collins, supra.*

" 'The matter of the intention of the parties is held to be the principal consideration.' *Homestead Land Co. v. Becker, supra.*

"When the article 'is attached for a mere temporary use, with the present intention of removal, it continues to be personal property.' *Gunderson v. Swarthout*, 104 Wis. 186, 191, 80 N. W. 465."

While the word "installed" might be somewhat ambiguous as to whether the items were affixed, we take notice that in modern homes carpeting and drapes are usually cut and fit to the individual house, usually with the intention that they remain with the house. Carpets and drapes cut and fit for one house probably have a

---

[4] *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 141 N. W. 2d 212.

greatly decreased value when removed. The facts of this case reveal that the flooring was plyscore and needed some additional surface. If these homes were to be displayed as model homes it is not unreasonable to assume the carpets and drapes were intended to go with the house.

The trial court's finding that the parties (Zuelke's and Odin) intended that carpets and draperies were to be affixed to the real estate is not against the great weight and clear preponderance of the evidence.

We agree with the trial court that Metropolitan was a subsequent purchaser for value and that the property in question was affixed to the real estate, and because of Zuelke's failure to comply with the recording (in this case filing) statute, Metropolitan acquired a superior lien.

We further agree that when Zuelke's repossessed the property it took a part of the security for Metropolitan's loan and Metropolitan had a right to pursue its security by an action in conversion.

The trial court found that at the time of the wrongful taking (the repossession by Zuelke's), the replacement value of the goods taken was $5,316.66, and awarded Metropolitan damages in that amount.

This award is consistent with the general rule in conversion actions. The rule is stated in *Traeger v. Sperberg* (1950), 256 Wis. 330, 333, 41 N. W. 2d 214, as follows:

"The general rule followed in Wisconsin is that in an action for conversion the plaintiff may recover the value of the property at the time of the conversion plus interest to the date of the trial. *Topzant v. Koshe* (1943), 242 Wis. 585, 9 N. W. (2d) 136; *Findlay v. Knickerbocker Ice Co.* (1899), 104 Wis. 375, 80 N. W. 436; *Ingram v. Rankin* (1879), 47 Wis. 406, 2 N. W. 755; see also Anno. 96 A. L. R. 74. However, it is universally recognized that the purpose of this rule is to compensate the plaintiff for the loss sustained because his property was taken. 53 Am. Jur., Trover and Conversion,

p. 885, sec. 94; *Rogers v. Castings Co.* (1922), 16 Ohio App. 474. Therefore, when a party has contracted to sell a chattel but is prevented from doing so by the conversion of another, he is entitled to the amount he would have received under the agreement."

In *Topzant v. Koshe* (1943), 242 Wis. 585, 588, 9 N. W. 2d 136, it was stated:

"In the absence of *exceptional circumstances* in actions for the tortious taking or conversion of goods, the plaintiff is entitled to recover as damages:

" 'First, the value of the chattels at the time and place when and where the same should have been delivered, or of the wrongful taking or conversion, with interest on that sum to the date of trial.' " (Emphasis supplied.)

The testimony reveals that the real estate mortgages on the three houses were foreclosed by Metropolitan; that Metropolitan bid the houses in at the foreclosure sale and that it later resold them. The record does not reveal when or at what price the houses sold for, or what their actual value was at the time of the foreclosure sale. There is nothing in the record to indicate whether Metropolitan made or lost any money on the real estate mortgage loan.

Mr. Hanley of Metropolitan testified he did not know if it suffered any loss and stated:

"Had there been a catastrophic loss, I would have remembered; so I would presume probably within $500 one way or another."

In 18 Am. Jur. 2d, *Conversion*, pp. 224, 225, sec. 108, the following appears:

"**Where defendant has interest in the property.**
"In an action for a conversion committed by an owner of an interest in the property, or by one acting in privity with him, the plaintiff is not entitled to recover the full value of the property; the amount of recovery in such case is limited by the value of his interest in the property, as well as by the value of the property converted. A defendant having an interest in the property is per-

mitted to interpose his interest in mitigation of damages, or as a recoupment or counterclaim. In an action by a general owner of property for conversion by a lienholder, or by one who claims under such lienholder, the amount of the lien is deducted from the value of the property."

We believe the facts of this case make it an exception to the general rule of damages in conversion cases. Metropolitan was not the owner of the goods in question. It had a security interest in them by virtue of its real estate mortgage. Metropolitan could rightfully look to the converter for damages to the extent of the value of the goods taken to fully satisfy its mortgage loan, but its recovery in this separate conversion action should be limited to any loss it suffered in the loan transaction and foreclosure.

If at the time of the foreclosure sale the fair market value of the real estate was less than the foreclosure judgments, including the costs and attorneys' fees, Metropolitan can recover the deficiency up to the replacement value of the goods retaken by Zuelke's.

As between the two secured creditors, Metropolitan and Zuelke's, Metropolitan should be made whole at the expense of Zuelke's (to the extent of value of property taken), but it should not reap a windfall at Zuelke's expense.

We do not believe the damage issue has been fully tried in view of the exception recognized in this opinion and in our discretion under sec. 251.09, Stats., we remand the action for a new trial limited to the damage issue.

*By the Court.*—Affirmed in part; reversed in part. No costs to be taxed.

HANLEY, J., took no part.