LUNDSTEN, P.J.[1]
¶1 This small claims case involves a dispute over a service dog formerly owned by Capable Canines of Wisconsin and fostered by Aubrey Greene. Greene, who ultimately kept the dog, appeals a judgment of the circuit court awarding Capable Canines its request for $5,000 in damages. Greene concedes that she converted Capable Canines' property, but argues that the circuit court erred in awarding damages higher than the fair market value of the dog at the time of the conversion. I disagree and affirm.
Background
¶2 This matter was tried to the circuit court. The following undisputed facts were presented at trial.
¶3 Capable Canines purchased the dog, named Dexter, in October 2014, and paid for Dexter's training as a service dog for hearing-impaired individuals. Greene was asked and agreed to foster Dexter until he could be placed with a hearing-impaired individual. Greene moved to the Milwaukee area and, with Capable Canines' approval, took Dexter with her.
¶4 In September 2016, Capable Canines decided to bring Dexter back to La Crosse in order to evaluate his skills and determine whether he could still function as a service dog.
¶5 Cindy Taylor, a member of Capable Canines, was in communication with Greene via text messaging. Taylor informed Greene that she was coming to Milwaukee to pick Dexter up. Taylor sent Greene text messages on November 10, 2016, to coordinate the pickup because Taylor was on her way to Milwaukee. Taylor texted Greene again after she arrived in Milwaukee. Greene did not respond to any of the November 10 texts. Taylor was unable to locate Greene or Dexter. Apart from a possible communication through her lawyer, Greene did not communicate with Capable Canines after November 10, 2016.
¶6 Capable Canines brought a small claims action against Greene. At trial, Greene conceded that Dexter had remained with her despite Capable Canines' attempts to recover the dog. Greene's argument focused, instead, on Dexter's value.
¶7 Greene testified as to Dexter's specialized skills, or lack thereof, in support of her argument that Dexter had no value as a service dog. She also testified that Dexter's value was "probably no more than an average shelter dog, 3-to [$]500." Eve Zellmer, president of Capable Canines, testified that Capable Canines sought $5,000 for the loss of Dexter based on "the purchase of Dexter, his veterinarian bills, his training bills and his food bills." Zellmer testified that Dexter was trained to perform three skills for a hearing-impaired individual, and was "a fully-trained service dog."
¶8 At the conclusion of the trial, the circuit court awarded Capable Canines $5,000 as the "purchase price" for Dexter. Greene now appeals.
Discussion
¶9 The only issue on appeal is the measure of damages. Greene concedes that conversion of the dog occurred on or by September 1, 2016. Greene argues that the circuit court erred because it did not use Dexter's fair market value at the time of conversion to determine damages. I reject Greene's argument because fair market value is not the only acceptable measure of damages for a claim of conversion of property.
¶10 Greene seems to challenge both the circuit court's legal determination of the correct measure of damages and the court's factual determination of the amount of Capable Canines' damages. Ordinarily, questions of law are reviewed de novo. Easterling v. LIRC , 2017 WI App 18, ¶10, 374 Wis. 2d 312, 893 N.W.2d 265. Appellate courts will not disturb a court's award of damages if there is any credible evidence to support the award. Gianoli v. Pfleiderer , 209 Wis. 2d 509, 522, 563 N.W.2d 562 (Ct. App. 1997).
¶11 As to the correct measure of damages, Greene correctly cites the following proposition:
Conversion damages are intended to compensate a wronged party for the loss sustained because his or her property was wrongfully taken. Thus, an owner of converted property generally may recover its value at the time of the wrongful taking, plus interest to the date of trial.
Management Comput. Servs., Inc. v. Hawkins, Ash, Baptie & Co. , 206 Wis. 2d 158, 188, 557 N.W.2d 67 (1996) (emphasis added; citation omitted). However, our supreme court has long held that awarding the replacement value of converted property "is consistent with the general rule in conversion actions." Metropolitan Sav. & Loan Ass'n v. Zuelke's, Inc. , 46 Wis. 2d 568, 577, 175 N.W.2d 634 (1970).
¶12 Here, the circuit court used replacement cost as the measure of damages and the evidence supports that approach. Eve Zellmer, president of Capable Canines, testified that Dexter was "a fully-trained service dog" and that Greene, who had worked with Capable Canines, agreed to maintain Dexter's skills. As noted, Zellmer explained that expenses incurred to transform Dexter into a service dog for the visually impaired, including purchase price, training, and medical bills, was $5,000. Based on this evidence, it was reasonable for the circuit court to find that Dexter was still a viable service dog at the time of conversion and that the cost of replacing Dexter was $5,000. Moreover, I observe that, even if Dexter's skills had declined to some degree, Zellmer's testimony supports a finding that this would have been a loss caused by Greene's failure to maintain Dexter's skills.
¶13 On appeal, Greene repeats her argument made before the circuit court that Dexter was worth no more than $500 because he was no longer a trained service dog. This argument fails because the circuit court did not find Greene credible. The court stated: "Ms. Greene would like to say this is just a dumb dog now. It doesn't even come when it's called and so it's only worth $300." Instead, the circuit court found that Dexter was "highly trained." I cannot re-weigh this evidence to come to a different conclusion. See State v. Owens , 148 Wis. 2d 922, 930, 436 N.W.2d 869 (1989) (when the circuit court acts as the finder of fact, it is the ultimate arbiter of the credibility of the witnesses and of the weight to be given to each witness's testimony).
¶14 Greene also points to the circuit court's statement that "the owner sets the price," and contends that the court therefore determined Dexter's value by simply adopting without question the value placed on Dexter by Zellmer. I agree that it is patently incorrect that a dog "owner sets the price" if by that the court meant that the dog owner may set any price without regard to the particular facts. Certainly, the circuit court's choice of words was unfortunate. But a fair reading of the record shows that the court did not rely on some unsupported value asserted by Zellmer. Rather, the court accepted as true Zellmer's assertions regarding the costs Capable Canines expended relating to Dexter.
Conclusion
¶15 For the foregoing reasons, I affirm the judgment of the circuit court.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a). All references to the Wisconsin Statutes are to the 2017-18 version.